IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Barry Robinson, | ) | Civil Action No.: 4:11-3459-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| BGM America, Inc., d/b/a | ) | |
| Beneteau USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Barry Robinson ("Plaintiff") filed this action against BGM America, Inc., d/b/a Beneteau USA, Inc., ("Defendant") alleging claims against his former employer for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-20 and 1-13-80(a)(1), and discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b).

On December 21, 2012, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 30.) Plaintiff filed a response in opposition on January 7, 2013, with additional attachments filed on January 8, 2013 (ECF Nos. 32 & 33) and Defendant filed a reply on January 17, 2013. (ECF No. 36.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Kaymani D. West for consideration of pretrial matters. The Magistrate Judge has prepared a thorough Report and Recommendation which recommends that Defendant's Motion for Summary Judgment be granted. Plaintiff filed timely objections to the Report and Recommendation. (ECF No.

46.) For the reasons set forth herein, this court adopts the Report and Recommendation and Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff filed this matter on December 20, 2011, alleging race discrimination and retaliatory treatment related to his employment. (ECF No. 1.) On December 21, 2012, Defendant moved for summary judgment. (ECF No. 30.) After consideration of the response filed in opposition to the Motion for Summary Judgment (ECF No. 32), several documents submitted in support of the opposition (ECF No. 33), Defendant's reply (ECF No. 36), and after conducting a hearing (ECF No. 43), the Magistrate Judge issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted. (ECF No. 44.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In the absence of any direct evidence of retaliation, the Magistrate Judge addressed the two events Plaintiff claims as "protected activity" for the purposes of satisfying the first element of his *prima facie* retaliation case: 1) Plaintiff's claim that he was retaliated against as a result of his prior filing of a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in 1996; and 2) Plaintiff's October 14, 2008 meeting with his supervisor which took place in connection with Plaintiff having been disciplined regarding quality-control issues. The Magistrate Judge concluded that the 1996 EEOC complaint (subsequently withdrawn) was too far removed from the alleged 2008-2009 claimed adverse activities, thus, Plaintiff fails to establish the requisite causation as a matter of law. (ECF No. 44 at 13.)  Consequently, the Magistrate Judge concluded that Plaintiff has not set forth a *prima facie* case of retaliation in relation to the EEOC complaint. (ECF No. 44 at 14.)  The Magistrate Judge also noted that Plaintiff has not set forth any evidence that his 2008 "complaints" about some 2008 disciplinary actions were in any way related to racial discrimination and therefore the complaint does not establish participation in a protected activity for the purposes of his retaliation claim.  (ECF No. 44 at 15.)

Next, the Magistrate Judge addressed Plaintiff's Title VII race discrimination claims under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  (ECF No. 44 at 16.) The Magistrate Judge opined as an initial matter that Plaintiff fails to set forth a *prima facie* case of Title VII discrimination, particularly an inference of discrimination.  (ECF No. 44 at 17.)  Even assuming a *prima facie* case, the Magistrate Judge concluded that Plaintiff fails to create an issue of fact as to pretext based on the evidence presented. (ECF No.  44 at 19.)   Thus, the Magistrate Judge

recommended summary judgment as to Plaintiff's Title VII discrimination claim. (ECF No. 44 at 20.)

Additionally, the Magistrate Judge addressed Plaintiff's claims for "ADA discrimination" (failure-to-accommodate and wrongful-discharge) based on Plaintiff's claimed disability. (ECF No. 44 at 20.) The Magistrate Judge noted that Plaintiff fails to provide sufficient evidence or argument establishing a *prima facie* ADA failure-to-accommodate claim. (ECF No. 44 at 23.) Particularly, the Magistrate Judge concluded that Plaintiff did not place Defendant on notice of his having a disability that required accommodation prior to a 2009 doctor's report and also fails to demonstrate that he was a qualified individual who could have performed the essential functions of his position with an accommodation. (ECF No. 44 at 23-25.) The Magistrate Judge also concluded that summary judgment is appropriate as to any ADA claims based on establishing a hostile work environment because Plaintiff has not met his burden of proof in establishing that he is a qualified individual for the purposes of the ADA and that he could have performed his job or other jobs with or without accommodation. (ECF No. 44 at 27.) The Magistrate Judge also found that Plaintiff fails to provide sufficient evidence that he was constructively discharged or that Defendant exhibited any hostility or discrimination toward him. (ECF No. 44 at 30-31.) Finally, the Magistrate Judge concluded that Plaintiff's claims based on the South Carolina Human Affairs Law fail for the same reasons his Title VII and ADA claims fail. (ECF No. 44 at 34.)

Plaintiff filed objections to the Magistrate Judge's recommendation that Defendant's Motion for Summary Judgment be granted. (ECF No. 46.) Plaintiff objects to the Magistrate Judge's "overall findings that no evidence of race or disability discrimination exists and that

no retaliation evidence exists." (ECF No. 46 at 4.)  Plaintiff also objects to the Magistrate Judge's "rigid" Title VII/ADA analysis of the evidence.  (ECF No. 46 at 4.)

As an initial matter, the court finds that the Magistrate Judge prepared an extensive and detailed Report and Recommendation that appropriately addressed the parties' arguments in light of the evidence presented.  Further, the court finds that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are more in the form of general and conclusory objections and do not alert the court as to the specific matters which were erroneously considered by the Magistrate Judge. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ("Courts have also held de novo review to be unnecessary. . .when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.")  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.1984).  In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

In an effort to identify a specific objection, however, the court surmises that Plaintiff opposes the Magistrate Judge's analysis: 1) regarding temporal proximity; 2) finding that Plaintiff's 2008 complaint was not linked to discrimination based on race sufficient to support a retaliation claim; 3) regarding constructive discharge; and 4) concerning Plaintiff's claim of disability discrimination. To briefly address these points, first, the Magistrate Judge considered both Supreme Court and Fourth Circuit case law regarding the necessary

temporal proximity needed to establish a causal link between protected activity and an adverse employment action. (ECF No. 44 at 13.) Considering the totality of the circumstances and the evidence, no reasonable fact finder could conclude that the 12-year gap in this case establishes the requisite causal connection. Second, Plaintiff's objections concerning the 2008 "complaint" do not aid in the establishment of a retaliation claim nor can Plaintiff use the existence of a 2008 "complaint" to resurrect his 1996 EEOC charge. Even assuming that the 2008 "complaint" was a protected activity for the purposes of his retaliation claim, Plaintiff must be able to show that the relevant actors were aware of the participation in the protected activity at the time the alleged retaliation occurred, *see Baqir v. Principi*, 434 F.3d 733, 748 (4th Cir. 2006), and some relation between the complaints and the issue of race. *See Bain v. Wal–Mart Stores, Inc.*, 585 F.Supp.2d 449, 453 (W.D.N.Y.2008)("[I]n order for an employee's complaints to be a 'protected activity' they must relate to an alleged violation of Title VII, i.e., the complaints must relate to race or gender. Otherwise, any employee who is disgruntled or dissatisfied with any aspect of his or her employment would ultimately find relief in Title VII even when race or gender was not an issue."(internal citations omitted)). Here, Plaintiff has set forth no such evidence.

Third, Plaintiff's objection about his alleged constructive discharge is merely a restatement of arguments made before and considered by the Magistrate Judge on this issue. (ECF No. 46 at 6-7.) The Magistrate Judge set forth the elements of the *prima facie* case of constructive discharge based on the applicable Fourth Circuit law and concluded that Plaintiff failed present evidence to satisfy the deliberateness element of a constructive discharge matter. (ECF No. 44 at 29-30.) Plaintiff does not challenge this finding or attempt to rectify this evidentiary shortcoming and the court finds no error in the Magistrate Judge's

analysis on the point. Finally, Plaintiff does not refute the Magistrate Judge's finding that Plaintiff provided no evidence that he could perform his job or other jobs with or without accommodation. (ECF No. 44 at 27.) Even putting the question of notice to his employer aside (which appears to be the subject of Plaintiff's objection), Plaintiff still has not presented evidence to establish that he is a "qualified individual," one of the *prima facie* elements of his ADA claim. (ECF No. 46 at 7.)

Further, the court finds no error in the Magistrate Judge's application of the *McDonnell Douglas* test here. The Magistrate Judge's analysis evidences the great amount of care taken to evaluate the evidence in light of the applicable factors and standards of law.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required de novo review. After considering the motion, the record, the Report and Recommendation of the Magistrate Judge, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED and this action hereby DISMISSED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 8, 2013